## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JACK ALLEN DUNN**, | Case No. 3:23-cv-00682-IM |
| Appellant, | **OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER GRANTING APPELLEE'S MOTION FOR RELIEF** |
| v. | |
| **EDITH MOLL**, | |
| Appellee. | |

Jack Allen Dunn, P.O. Box 2323, Oregon City, OR 97045. Pro Se Appellant.

David R. Nepom, 20495 S Sweetbriar Rd, West Linn, OR 97068. Laura L. Donaldson, Kuni Donaldson LLP, 1975 SW First Ave, Suite H, Portland, OR 97201. Attorneys for Appellee.

**IMMERGUT, District Judge.**

This case is an appeal from the United States Bankruptcy Court for the District of Oregon. Specifically before this Court is Appellant Jack Allen Dunn's appeal from the Bankruptcy Court's Order Granting Relief from Stay to Appellee Edith Moll ("Order"), ECF 13-1 at 89–95. *See* Notice of Appeal, ECF 1; Appellant's Brief ("App. Br."), ECF 12 at 1–2. In its Order, the Bankruptcy Court below excluded certain real property (the "South Potter Road

PAGE 1 – OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING APPELLEE'S MOTION FOR RELIEF

Property") from Appellant's Chapter 7 bankruptcy estate and permitted Appellee to continue an in rem eviction proceeding against Appellant in Clackamas County Circuit Court. *See* Order, ECF 13-1 at 93. Appellant asserts that the Bankruptcy Court erred in three ways. First, he says, the Bankruptcy Court gave Appellant insufficient time to object to Appellee's Motion for Relief. App. Br., ECF 12 at 1, 3. Second, in Appellant's view, Appellee did not provide him sufficient notice of her Motion. *Id.* at 1, 8–10. Third, Appellant contends that the Bankruptcy Court improperly discounted a deed Appellant held in the South Potter Road Property and thus failed to recognize Appellant's valid interest in the Property. *Id.* at 2, 11–14.

Appellant's arguments are unpersuasive, so this Court AFFIRMS the decision below. The Bankruptcy Court granted Appellant the extension Appellant requested for responding to Appellee's Motion for Relief. Further, Appellant had the opportunity to present evidence at a hearing prior to the Bankruptcy Court's ruling, and therefore, Appellant was not prejudiced by any alleged insufficient notice. Finally, as courts in this District have held already, Appellant lacks any interest in the South Potter Road Property. In sum, the Bankruptcy Court below did not err in granting Appellee's Motion, excising the Southern Potter Road Property from Appellant's estate, and permitting Appellee to enforce a writ of restitution against Appellant.

## LEGAL STANDARDS

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from final judgments, orders and decrees, as well as certain interlocutory orders, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under 28 U.S.C. § 157. A bankruptcy court's legal conclusions are reviewed de novo. *See In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (citation omitted). However, a bankruptcy court's evidentiary rulings are

reviewed for abuse of discretion and should not be reversed unless the error was prejudicial. *In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) (citation omitted).

Federal courts hold a pro se litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (internal quotation marks and citation omitted). "A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted).

## BACKGROUND[1]

On March 13, 2023, Appellant filed for Chapter 7 bankruptcy. *See* Bankruptcy Court Docket Sheet, ECF 13-1 at 1–2. By doing so, Appellate obtained the benefit of an automatic stay under 11 U.S.C. § 362, that is, "an immediate freeze of the status quo by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the property of the estate." *In re Mwangi*, 764 F.3d 1168, 1173 (9th Cir. 2014) (quoting *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993)). A month later, on April 10, 2023, Appellant filed additional documents, including a Schedule A listing the South Potter Road Property as part of his bankruptcy estate. *See* Bankruptcy Court Docket Sheet, ECF 13-1 at 3; App. Br., ECF 12 at 2–3.

Before Appellant filed his Schedule A, on March 27, 2023, Appellee filed a Motion for Relief from the automatic stay, ECF 13-1 at 11–12. Appellee alleged that, with regard to the South Potter Road Property, Appellant was "a tenant at sufferance having refused to leave after being foreclosed" who "ha[d] no legal or equitable interest in the property pursuant to *In re Perl*,

---

[1] Appellant did not designate a record for his appeal, so this Court will cite documents either included in Appellee's Appendix, ECF 13-1, or filed on the Bankruptcy Court's docket.

PAGE 3 – OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING APPELLEE'S MOTION FOR RELIEF

811 F.3d 1120 (9th Cir. 2016)." Motion for Relief, ECF 13-1 at 13. Appellant received notice of the Motion for Relief on April 11, 2023, and requested that the Bankruptcy Court extend his time for responding to the Motion from April 13, 2023 "to and including at least April 26, 2023, or such other date as the Court may deem appropriate." Appellant's Motion to Extend Time, ECF 13-1 at 80–81. The Bankruptcy Court granted this Motion, scheduling Appellant's response deadline for April 26, 2023 and an evidentiary hearing on Appellee's Motion for Relief for April 28, 2023. Bankruptcy Court Order, ECF 13-1 at 84.

Appellant submitted evidence at the evidentiary hearing. *See* Bankruptcy Court Docket Sheet, ECF 13-1 at 5; App. Br., ECF 12 at 3. Soon after, on May 2, 2023, the Bankruptcy Court granted Appellee's Motion for Relief, holding that the South Potter Road Property "is not property of the estate or necessary to an effective reorganization." *See* Order, ECF 13-1 at 93.

Six days later, Appellant filed his notice of appeal in this Court on May 8, 2023. Notice of Appeal, ECF 1. Appellant then moved for a temporary restraining order, requesting that the automatic stay be reinstituted over the South Potter Road Property to prevent Appellee from enforcing a writ of restitution and evicting Appellant from the Property. *See* Appellant's Motion for Temporary Restraining Order, ECF 3. This Court denied the Motion, finding that Appellant was unlikely to succeed on the merits. Order Denying Appellant's Motion for Temporary Restraining Order, ECF 5.

After this Court granted an extension, ECF 11, Appellant filed his opening appeals brief on November 27, 2023, ECF 12. Appellee responded on December 15, 2023. Appellee's Response Brief ("Resp."), ECF 13. Appellant filed a reply brief on January 11, 2024. Appellant's Reply ("Reply"), ECF 14.

**DISCUSSION**

As described above, Appellant mounts three challenges to the Bankruptcy Court's decision below. First, he says, the Bankruptcy Court gave Appellant insufficient time to object to Appellee's Motion for Relief. App. Br., ECF 12 at 1, 3. Second, in Appellant's view, Appellee did not provide sufficient notice of its Motion. *Id.* at 1, 8–10. Third, Appellant contends that the Bankruptcy Court improperly discounted a deed Appellant held in the South Potter Road Property and thus failed to recognize Appellant's valid interest in the Property. *Id.* at 2, 11–14.

Because none of these arguments are persuasive, this Court affirms the Bankruptcy Court's Order Granting Appellee's Motion for Relief.

**A. The Bankruptcy Court Gave Appellant Sufficient Time to Respond to Appellee's Motion for Relief**

First, Appellant argues that the Bankruptcy Court "ostensibly" granted his motion for an extension to file a response but in fact "only gave Appellant until April 26, 2023, to prepare and file his objections." App. Br., ECF 12 at 3. However, Appellant himself requested the April 26, 2023 date. *See* Appellant's Motion to Extend Time, ECF 13-1 at 80–81. And by his own admission, he was able to present evidence before the Bankruptcy Court at the April 28, 2023 hearing. *See* App. Br., ECF 12 at 3. Therefore, the Bankruptcy Court below did not err in granting Appellant an extension from April 13, 2023 to April 26, 2023.

**B. Any Lack of Notice to Appellant of Appellee's Motion for Relief Did Not Prejudice Appellant**

Further, Appellant similarly argues that Appellee's Motion for Relief should have been denied because Appellee did not provide timely notice of the Motion to Appellant. App. Br., ECF 12 at 9–11. But because Appellant received his requested extension to respond and was able to present evidence before the Bankruptcy Court, this alleged lack of notice could not have been

prejudicial. *See Lindquist v. Lindquist*, No. CV 06–471–MO, 2006 WL 1879152, at *2 (D. Or. July 5, 2006) (explaining that "the Ninth Circuit has held that technical violations of the bankruptcy rules' notice requirements can be harmless error" and citing cases); *see also In re Hawkeye Ent., LLC*, 49 F.4th 1232, 1239–40 (9th Cir. 2022) (explaining that Fed. R. Bankr. P. 9005 incorporates Fed. R. Civ. P. 61's prejudice standard).[2]

## C. Appellant Lacks Any Interest in the South Potter Road Property

Finally, Appellant argues that he has a property interest in the South Potter Road Property, pursuant to a trustee deed executed in July 2013. App. Br., ECF 12 at 6, 11–13. That trustee deed provided Appellant with the interest his ex-wife held in the Property at the time. Trustee's Deed, ECF 13-1 at 86–87.

Appellant's reliance on this deed is unavailing. In 2014, "all of the right, title and interest of [Appellant and his ex-wife] in the real property was" foreclosed and then sold at public auction in 2014. Sherriff's Deed at 2, *In re Dunn*, No. 23-30514-thp7, (Bankr. D. Or. Apr. 26, 2023), ECF No. 40-2. Several judges in this district have recognized this fact already. As Federal Magistrate Judge John V. Acosta summarized in a prior case brought by Appellant, the Clackamas County Circuit Court in June 2014 "foreclosed [Appellant Jack] Dunn's interest in the Property" and U.S. Bank "received title to the Property at [an] authorized sheriff's sale." *Henley v. U.S. Bancorp*, Case No. 3:19-cv-00985-AC, 2020 WL 1038086, at *2 (D. Or. Jan. 21, 2020), *findings and recommendation adopted by* 2020 WL 1033537 (Mar. 2, 2020); *see Dunn v. Mortg. Elec. Registration Sys.*, Case No. 3:18-cv-00417-YY, 2018 WL 4945216, at *4 (D. Or.

---

[2] Appellant makes arguments regarding the standing of the bankruptcy estate trustee and the indispensability of certain parties before the Oregon courts, *see* App. Br., ECF 12 at 11; Reply, ECF 14 at 1–2, but this Court cannot adjudicate, nor hear an appeal from, a state court proceeding, *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

July 23, 2018) (recognizing, in another case brought by Appellant, that "the state court [in 2014] specifically determined that U.S. Bank was the holder of the original note at issue and holds the beneficial interest in the deed of trust." (citation, internal quotation marks, and brackets omitted)), *findings and recommendation adopted by* 2018 WL 4380978 (Sept. 14, 2018). The property therefore cannot be part of Appellant's bankruptcy estate, and the stay cannot extend to it. *See In re Perl*, 811 F.3d at 1128 (holding that a property foreclosed in state court could not be part of the bankruptcy estate despite the debtor's actual possession of the property).

Subsequent litigation involving Appellant confirms his lack of any legal interest in the South Potter Road Property. *See Henley*, 2020 WL 1038086 at *2–5 (detailing the events at length). On March 22, 2018, the Circuit Court for the County of Clackamas entered a judgment of restitution for U.S. Bank against Appellant, holding that U.S. Bank was "the owner of" the South Potter Road Property, Restitution Judgment, ECF 13-1 at 29–30, and this judgment was affirmed*, U.S. Bank Nat'l Ass'n v. Dunn*, 297 Or. App. 582 *rev. denied*, 365 Or. 658 (2019). Afterward, U.S. Bank conferred its title to the South Potter Road Property to Appellee. *See* Special Warranty Deed, ECF 13-1 at 71–72. In 2021, Appellee received a general judgment of restitution for the South Potter Road Property against Appellant in the Circuit Court for the County of Clackamas, and the Oregon Court of Appeals affirmed without an opinion on March 2, 2023. *See* General Judgment, ECF 13-1 at 74; Appellate Judgment, ECF 13-1 at 75.

///

///

///

///

Appellant fails to meaningfully explain how a series of events preceding the 2014 foreclosure, as well as the ensuing decade of restitution proceedings before the Oregon courts, could have preserved a present-day interest in the South Potter Road Property.[3]

## CONCLUSION

This Court AFFIRMS the Bankruptcy Court's grant of Appellee's Motion for Relief. Appellant's Notice of Appeal, ECF 1, is DISMISSED.[4]

**IT IS SO ORDERED.**

DATED this 22nd day of January, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[3] For the same reason, Appellant's reliance on a 2012 proceeding—which predates the 2014 foreclosure judgment and sheriff's sale—is unavailing. *See* App. Br., ECF 12 at 11–12.

[4] Finally, this Court notes that, for the first time in his reply brief, Appellant argued that he had the right to have his spouse assist him in the evidentiary hearing before the Bankruptcy Court. Reply, ECF 14 at 9. This contention is waived, and this Court will not consider it. *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) ("Arguments raised for the first time in a reply brief are waived." (brackets and citation omitted)).

PAGE 8 – OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING APPELLEE'S MOTION FOR RELIEF